**CRIMINAL COMPLAINT** ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
JAN 3 1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>JAY MILLER,<br>aka, Jason Hill | DOCKET NO.  08-0185M<br><br>MAGISTRATE'S CASE NO.<br>8-  08-0184M |

Complaint for violations of Title 18, United States Code, Section 922(g)(1)

| NAME OF MAGISTRATE JUDGE<br><br>HON. JEFFREY W. JOHNSON | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br><br>Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br><br>January 10, 2008 | PLACE OF OFFENSE<br><br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN)<br>124 West 110th Street<br>Los Angeles, California |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION :

   On or about January 10, 2008, in Los Angeles County, within the Central District of California, defendant JAY MILLER, aka Jason Hill, knowingly and intentionally possessed a firearm, namely, a Sigarms .40 caliber handgun, serial number SP0018052, in and affecting interstate and foreign commerce.

   Such possession occurred after defendant MILLER had been convicted of a felony punishable by a term of imprisonment exceeding one year, namely, Drawing or Exhibiting a Weapon in a Rude or Threatening Manner, in violation of California Penal Code Section 417(C), in the Los Angeles Superior Court, Case number TA0303901, on or about February 28, 1995.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

   (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge | SIGNATURE OF COMPLAINANT<br><br>BRENDAN HANRATTY<br><br>OFFICIAL TITLE<br>SPECIAL AGENT -- DEA |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br><br>January 30, 2008 |
|---|---|

1)  See Federal Rules of Criminal Procedure Rules 3 and 54.

[Initials CB:VOCS]        REC: Detention

## A F F I D A V I T

I, Brendan Hanratty, being duly sworn, hereby depose and say:

BACKGROUND

1.   I am a Special Agent (SA) of the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since May 2005.  I am currently assigned to Group 5, and I am responsible for investigating gang activity in Southern California.  During my employment with the DEA, I have participated in numerous narcotics investigations, in physical and wire surveillance, execution of search warrants, and arrests of numerous drug traffickers.  I have also spoken, on numerous occasions, to informants, suspects, defendants and other experienced narcotics investigators concerning the methods and practices of drug traffickers.  I received narcotic law enforcement training while attending DEA basic agent training at the Justice Training Center, Quantico, Virginia.

2.   As a SA with the DEA, my duties have included investigating violations of federal laws concerning the unlawful importation of controlled substances, the distribution of controlled substances, and the possession with intent to distribute controlled substances, including cocaine, methamphetamine and other dangerous drugs.  During my tenure as a SA with the DEA, I have participated in numerous investigations

1

involving drug trafficking, including investigations that have involved the court-authorized interception of wire, oral and electronic communications. During this time, I have attended specialized training conducted by the DEA and other law enforcement agencies, and I have become familiar with the types and amounts of profits made by narcotics smugglers, the methods, language and terms which are used to disguise the source and nature of the profits from their illegal narcotic dealings, and, on many occasions, personally interviewed confidential sources and executed search warrants for evidence of trafficking and controlled substances.

PURPOSE FOR THE AFFIDAVIT

3. This affidavit is made in support of a criminal complaint for Curtis Manuel Alston, ("ALSTON"), Terrell Lionel Boone ("BOONE"), and Jay MILLER, aka, Jason Hill ("MILLER") for a violation of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

4. This affidavit is intended to set forth facts to support the issuance of criminal complaints and arrest warrants based on probable cause to believe that ALSTON, BOONE and MILLER have committed a violation of Title 18, United States Code, Section 922(g)(1), by being a felon in possession of a firearm. It does not purport to set forth all of my knowledge of or investigation into this matter. The statements set forth in this affidavit are

based upon my experience, training, consultation with experienced investigators and agents, and other reliable sources of information relevant to this investigation.

STATEMENT OF PROBABLE CAUSE

5.   On or about January 24, 2008, I reviewed Los Angeles Police Department (L.A.P.D) arrest report number 081800522 (the "report") concerning the arrest of ALSTON, BOONE and MILLER on or about January 10, 2008.  I also discussed the circumstances concerning the arrest of ALSTON, BOONE and MILLER with law enforcement officers involved in the arrest.  My review of the report and my conversations with law enforcement revealed the following information.

Possession of Firearms by ALSTON, BOONE and MILLER

6.   On January 10, 2008, law enforcement officers from the L.A.P.D, Southeast Division, were conducting patrol.  While conducting patrol, the officers observed a group of approximately 15-20 male subjects standing in the middle of 110th Street and Main Street in Los Angeles, California.  The group appeared to be arguing with one another, shoving each other, and blocking traffic at the location.  The officers approached the group, and when they approached, the officers observed that several persons from the group looked in the direction of the officers and then ran southbound towards a residence located at 124 West 110th Street.

7.   Officers observed two of the subjects from the group (later identified as BOONE and MILLER) as they ran towards the front door of 124 West 110th Street.  Officers observed also observed a third subject (identified as defendant ALSTON) run towards the driveway of the residence.

8.   As he reached the front porch, officers observed that BOONE was holding a blue-steel semi-automatic handgun in his right hand.  Officers commanded BOONE to stop, and BOONE instead ignored the officers' commands and ran inside the residence. Moments later, officers observed MILLER, holding a grey metallic semi-automatic handgun in his left hand.  MILLER slammed the door to the residence behind him, and locked the door.

9.   ALSTON also ignored the officers repeated commands to "stop," and continued running southbound through the driveway, towards the backyard.  As officers pursued ALSTON, Officer Knoke observed ALSTON remove a blue steel, semi-automatic handgun from his front waistband with his right hand and throw it onto the roof of the residence at 124 West 110th Street.  Officers took ALSTON into custody at the location.  They also recovered the loaded Sigarms .40 caliber handgun, serial number SP0018052, from the roof, where they had observed ALSTON throw it.

10.   Officers directed MILLER and BOONE to come out the residence.  When they refused to comply, officers forced entry into the residence.  Once inside the residence, officers observed

4

MILLER as he ran into the kitchen and laid down on the floor. MILLER was then taken into custody. Officer Fontes observed BOONE unloading a blue steel semi-automatic handgun. Officer Fontes ordered BOONE to drop the gun, and BOONE complied. BOONE was taken into custody, and Officer Fontes recovered the .45 caliber Colt 1911 handgun, serial number 66607, from the floor, where BOONE had dropped it. Officers also recovered a black plastic bag, which contained a loaded Arminus .38 caliber revolver, serial number 0071493, and a loaded Sturm Ruger P90 .45 caliber handgun, serial number 662-17895. Officer Fontes observed the Sturm Ruger handgun to be the same handgun that defendant MILLER had been holding when he ran into the residence.

11. In addition to the handguns, L.A.P.D Officers also recovered a Sigarms magazine, ten (10) rounds of .40 caliber ammunition, six (6) rounds of .45 caliber ammunition, Colt magazine, eight (8) rounds of .45 caliber ammunition, .380 caliber magazine, eight (8) rounds of .380 caliber ammunition, and six (6) rounds of 38 caliber ammunition.

12. Based on my training and experience, and, in particular, my experience investigating violent street gangs, I have learned that gang members will typically arm themselves to protect themselves from rival gangs in an area. This observation is even more frequently true when a large or significant number of the gang members have congregated, as was observed in this

5

case.   As set forth in the succeeding paragraphs, each of the defendants ALSTON, BOONE and MILLER is an admitted member of the "T-Zone Crips" gang.   I believe that ALSTON, BOONE and MILLER possessed the firearms and ammunition at the residence, as well as the weapons individually on their persons in connection with their membership in the gang.

<u>Prior Felony Convictions and Gang Affiliation</u>

13.   On or about January 24, 2008, I reviewed a criminal history report for ALSTON.   The criminal history report revealed the following felony convictions and gang affiliation:

a.   On November 6, 2000, ALSTON was convicted of a violation of California Penal Code section 12021(A)(1), Possession of a Firearm by a Felon, in the Superior Court of California, County of Los Angeles, case number BA20474301.

b.   On October 14, 1997, ALSTON was convicted of a violation of California Penal Code section 12021(A)(1), Possession of a Firearm by a Felon, in the Superior Court of California, County of Los Angeles, case number TA03749501.

c.   On May 16, 1994, ALSTON was convicted of a violation of California Penal Code section 211, Robbery, in the Superior Court of California, County of Los Angeles, case number BA08650502.

d.   On September 29, 1987, ALSTON was convicted of a violation of California Penal Code section 626.9, Possession of a

6

Firearm on School Grounds, in the Superior Court of California, County of Los Angeles, case number J307473870901.

e.   ALSTON is an admitted "T-Zone crip" gang member with the moniker of "Boo."   ALSTON has several gang tattoos.

14.   On or about January 24, 2008, I reviewed a criminal history report for BOONE.   The criminal history report revealed the following felony conviction and gang affiliation:

a. On December 16, 2004, BOONE was convicted of a violation of California Penal Code section 12031(A)(1), Possession of a Loaded Firearm; Carrying in a Public Place or in a Vehicle, in the Superior Court of California, County of Los Angeles, case number TA076157.

b.   BOONE is an admitted "T-Zone crip" gang member with the moniker of "T."

15.   On or about January 24, 2008, I reviewed a criminal history report for MILLER.   The criminal history report revealed the following felony conviction and gang affiliation:

a.   On February 28, 1995, MILLER was convicted of a violation of California Penal Code section 417(C), Drawing or Exhibiting a Weapon in a Rude or Threatening Manner, in the Superior Court of California, County of Los Angeles, case number TA03038901.

b.   MILLER is an admitted "T-Zone crip" gang member and has several gang tattoos.

Interstate Nexus

16.   On January 30, 2008, SA David Hamilton of the Bureau of Alcohol, Tobacco, Firearms and Explosives advised me that he had reviewed records for the firearms seized from the defendants in this matter.   SA Hamilton advised me that the Colt handgun was manufactured in Hartford, Connecticut; the Arminus firearms was manufactured in Miami, Florida; the Ruger handgun was manufactured in Prescott, Arizona; and the Sigarms firearm was manufactured in Switzerland.   Therefore, each of the weapons traveled in interstate commerce within the meaning of Title 18, United States Code, Section 922(g)(1).

CONCLUSION

17.   Based on the foregoing facts and my training and experience, there is probable cause that Curtis Manuel ALSTON, Jay MILLER, and Terrell Lionel BOONE have violated Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

Brendan Hanratty
Special Agent, Drug Enforcement Agency


Sworn and subscribed to before me
This _31_ day of January 2008.

HON. JEFFREY W. JOHNSON
UNITED STATES MAGISTRATE JUDGE

8